UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LEANDRO ROSAS,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------------------------------------X

NOT FOR PUBLICATION
MEMORANDUM AND ORDER

07-CV-3999 (CBA)
(related to CR-06-161)

AMON, United States District Judge:

Petitioner Leandro Rosas brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. He alleges that the Court erred in two respects when calculating his sentencing guideline range, arguing (1) that he should have received the benefit of a "minor participant" adjustment, and (2) that he should have received a three-point, rather than a two-point, downward adjustment for acceptance of responsibility. Additionally, Rosas alleges that his counsel was constitutionally ineffective, primarily for his failure to argue successfully for those two downward adjustments. For the reasons that follow, Rosas's petition is denied.

I.    Background

On June 9, 2006, Rosas plead guilty to possession with intent to distribute 100 grams or more of heroin as well as conspiracy to do so. The guilty plea arose out of a transaction wherein Rosas, along with his co-defendant, Franklin Rosario, and an unindicted co-conspirator, Daniel Cruz, agreed to sell a DEA confidential informant ("CI") 250 grams of heroin for $16,000. Rosas drove the conspirators to the site of the sale in a vehicle that contained a battery-powered secret compartment. As soon as the CI purchased the heroin, all three co-conspirators were

arrested. During a subsequent search of the vehicle by law enforcement officers, the secret compartment was discovered and additional bundles of heroin were found. In total, law enforcement recovered approximately 246 grams of heroin during the operation. The defendant moved to suppress the evidence seized during the search of the vehicle, and, to establish standing to do so, submitted an affidavit in which he swore that he had borrowed the vehicle to transport Cruz to meet Rosario. The defense later admitted that the affidavit was false, and the vehicle was Rosas's. After the motion to suppress was denied, Rosas plead guilty.

After the guilty plea, the Probation Department prepared Rosas's pre-sentence report ("PSR"). Therein, the base offense level for Rosas's offense was determined to be 26 because it involved 246 grams of heroin. Rosas received a two-point downward adjustment under the safety-valve provision for providing the government with a true statement regarding his involvement in the heroin conspiracy. He also received a two-point downward adjustment for acceptance of responsibility, resulting in a total offense level of 22. After determining that Rosas belonged in criminal history category I, the probation department concluded that the guideline range was 41-51 months. In reaching this guideline range, the Probation Department did not provide for a downward adjustment based on the defendant's role in the offense. In addition, it noted that the Government would not be making a motion for an additional one point adjustment for acceptance of responsibility since it had been forced to make significant trial preparations in response to Rosas's suppression motion and the hearing that ensued.

Rosas was sentenced on April 20, 2007. At sentencing, the attorneys for both parties made some corrections to the PSR on the record, having to do with the specific actions taken by Rosas in connection with the sale of heroin to the CI. Thereafter, Rosas's counsel raised two

objections to the PSR's guidelines calculation, arguing that Rosas should get the benefit of a downward adjustment as a minor participant and a third point on his downward adjustment for acceptance of responsibility. After hearing from both sides on these issues, the Court denied both motions. Having determined that the PSR's guidelines calculation was correct, the Court sentenced Rosas to 41 months imprisonment, the bottom of the applicable guideline range. Rosas did not appeal, and remains incarcerated.

## II. Discussion

The fact that Rosas did not appeal serves as a formidable barrier to his section 2255 petition. The Supreme Court has stated that "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (quoting Reed v. Farley, 512 U.S. 339, 354 (1994)) (internal quotations omitted); see also DeJesus v. United States, 161 F.3d 99, 102 (2d Cir. 1998) (quoting Bousley); United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1988) ("A motion under § 2255 is not a substitute for an appeal."). Accordingly, the general rule is that a claim that is not raised on direct appeal is procedurally defaulted and may not provide the basis for section 2255 relief absent a demonstration of cause and prejudice or actual innocence. See Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007); DeJesus, 161 F.3d at 102 (citing Bousley and Murray v. Carrier, 477 U.S. 478, 485, 496 (1986)); Munoz, 143 F.3d at 637 (citing, among other cases, United States v. Pipitone, 67 F.3d 34, 38 (2d Cir. 1995)). However, this rule does not apply to ineffective assistance of counsel claims. See Massaro v. United States, 538 U.S. 500, 509 (2003). Because no procedural bar hinders the Court's ability to review Rosas's ineffective assistance of counsel claim, it will be addressed first.

A.  Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution provides a criminal defendant the right to the effective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 684-86 (1984). This right to counsel exists "in order to protect the fundamental right to a fair trial." Id. at 684. Because the focus of this right is to protect a defendant's right to a fair trial, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686.

Rosas bears the burden of demonstrating that his counsel was constitutionally ineffective. See Chang v. United States, 250 F.3d 79, 84 (2d Cir. 2001). In order to do so, he must establish that (1) counsel's performance was constitutionally deficient, and (2) that he suffered prejudice as a result of the deficient performance. See Strickland, 466 U.S. at 687-96; Chang, 250 F.3d at 84; United States v. Arena, 180 F.3d 380, 396 (2d Cir. 1999); Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994).

With respect to the first prong, Rosas must demonstrate that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688; Arena, 180 F.3d at 396; Mayo, 13 F.3d at 533. As the Strickland Court explained, this standard is "highly deferential":

> It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the

> difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsels conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

466 U.S. at 689 (internal citations and quotations omitted). Under this standard, counsel's representation is not constitutionally deficient for failure to advance each and every colorable or non-frivolous argument. See Jones v. Barnes, 463 U.S. 745, 753-54 (1983); Mayo, 13 F.3d at 533.[1] Therefore, it is beyond cavil that counsel will not be held to have rendered constitutionally deficient assistance for failing to make a frivolous argument. See Arena, 180 F.3d at 396 ("Failure to make a meritless argument does not amount to ineffective assistance."); United States v. Martinez, 475 F. Supp. 2d 154, 165 (D. Conn. 2007); Hiraldo v. United States, No. 05 CV 760, 2006 WL 1794775, at *6 (E.D.N.Y. June 7, 2006) ("Failure to raise frivolous arguments does not give rise to ineffective assistance of counsel.").

With respect to the prejudice prong, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding," because "[v]irtually every act or omission of counsel would meet that test." Strickland, 466 U.S. at 693. Rather, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Mayo, 13 F.3d at 533; see Arena, 180 F.3d at 396. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

---

[1] Though these cases arose in the context of appellate counsel's failure to raise an argument on appeal, the Strickland standard applies equally with respect to the performance of both trial and appellate counsel. See Mayo, 13 F.3d at 533 (citing Claudio v. Scully, 982 F.2d 798, 803 (2d Cir. 1992) and Abdurrahman v. Henderson, 897 F.2d 71, 74 (2d Cir. 1990)).

In this case, Rosas argues that his counsel was ineffective in the manner in which he argued for the two additional downward adjustments that were denied by the Court at sentencing. It is indicative of the lack of merit of Rosas's claim that he has been unable to articulate counsel's shortcoming more precisely than that. Read liberally, it seems that Rosas's contention is that counsel was constitutionally ineffective because he failed to properly articulate Rosas's best arguments for the two downward adjustments.

With respect to the claim that Rosas should have received the benefit of a mitigating role departure, Rosas first points to two alleged errors in the PSR. First, he points to an error in paragraph 9, which states, in connection with the sale of heroin to the CI, that Rosas had retrieved the heroin from the second vehicle, showed it to the CI, and brought it back to the second vehicle to complete the transaction. He argues that it was his co-defendant, Rosario, who carried the heroin back and forth between the two vehicles. Second, Rosas argues that Cruz requested that Rosas transport him to the heroin sale. In addition to those two alleged factual errors, Rosas argues generally, and without any other specific factual support, that he was not the main beneficiary of the heroin conspiracy, and that he was therefore entitled to a minor participant adjustment.

Section 3B1.2(b) of the United States Sentencing Guidelines provides for a two-level reduction "[i]f the defendant was a minor participant in any criminal activity." This adjustment applies to a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." Id. at commentary note 5. Under this standard, Rosas's arguments are unavailing. Rosas's first factual argument, that there was an error in paragraph 9 of the PSR, is correct. What he fails to note is that the Court and the parties spent the first several minutes of

Rosas's sentencing hearing correcting this error on the record. This was done before defense counsel even raised his objections to the PSR's guideline calculation. Accordingly, the error Rosas points to was corrected prior to the imposition of his sentence and had nothing to do with the Court's minor role adjustment determination. Rosas's second factual contention — that Cruz had asked him to be the "transporter"— was brought to the Court's attention at sentencing.

Aside from citing these two errors, Rosas merely reiterates the argument made by his counsel at sentencing, that he was a mere transporter with respect to the crime to which he plead guilty, the sale of heroin to the CI. As the government noted at sentencing, the conspiracy to which Rosas pled guilty involved more than this one sale of heroin; a certain amount of the heroin in the vehicle was Rosas's and was earmarked for a subsequent sale that was never consummated due to Rosas's arrest, and Rosas owned the vehicle with the built-in hidden storage compartment which was used to hide the heroin. In addition, the government noted that Rosas had transported Cruz to make sales on other occasions, for which he was paid. As to the specific transaction for which he was arrested — the sale of heroin to the CI — the Court determined that Rosas was no less culpable than his co conspirators, because he provided the use of his vehicle, with the contraband compartment which facilitated the transaction, and because he personally handled the heroin. Rosas never contested any of these facts, and he makes no new argument here, whether legal or factual, to convince the Court that he was a "minor participant" in this crime within the meaning of the Sentencing Guidelines.

With respect to Rosas's claim that he should have received an additional one-level reduction for acceptance of responsibility, Rosas makes no specific argument; he only makes the conclusory contention that he is entitled to the third point. Section 3E1.1 of the United States

Sentencing Guidelines provides that a defendant can receive a third point for acceptance of responsibility in certain circumstances by "timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." At sentencing, the Court held that Rosas failed to demonstrate that he saved the government and the Court significant resources. In addition, the Court determined that Rosas had forced the government to do much of its trial preparation by fully litigating his motion to suppress, which required the government to prepare and call the two witnesses that would have comprised the majority of their case-in-chief at trial.[2] Rosas's insistence that he is entitled to the third point, in the absence of any additional legal or factual basis, does not alter the Court's conclusion.[3]

The content of Rosas's substantive arguments regarding his guideline calculation and sentence clearly demonstrate that counsel's representation was not constitutionally deficient. Rosas has identified no argument — colorable or otherwise — that counsel overlooked. Rather, counsel did correct the PSR error Rosas identifies, and did argue that Cruz asked Rosas to drive to the site of the sale to the CI and that Rosas was therefore only a transporter with respect to that transaction. As a result, Rosas argues that counsel was ineffective for failing to secure for him the two downward departures, then relies on counsel's arguments to explain why he is entitled to

---

[2]In fact, the government noted that while it did not move on Rosas's behalf for the third acceptance of responsibility point, it did overlook some false statements that might have warranted a guidelines enhancement.

[3]Counsel actually withdrew the claim regarding the third acceptance of responsibility point before the Court ruled on it, after the Government noted that they could pursue an enhancement for obstruction of justice and after he conferred with his client. However, the Court noted on the record that the application would have been denied if not withdrawn and gave its reasons for that determination, recited above.

those departures. His failure to advance an argument that counsel did not adds weight to the notion that counsel zealously made the best arguments he could in his attempt to secure the two downward departures for his client. Moreover, even assuming that counsel acted unreasonably, because Rosas's arguments regarding the departures themselves are without merit, he has failed to establish that any error by counsel was prejudicial, because it is clear that whatever arguments might have been made, Rosas was entitled to neither downward departure. Accordingly, the ineffective assistance of counsel claim is denied.

### B. The Guideline Calculation Claims

While the Court was permitted to address the merits of Rosas's ineffective assistance of counsel claim, the two underlying guideline calculation claims are subject to a procedural bar due to his failure to appeal. As is noted above, "[i]n general, a claim may not be presented in a habeas petition where the petitioner failed to properly raise the claim on direct review." Zhang, 506 F.3d at 166. This procedural bar "may be overcome only where the petitioner establishes either (1) 'cause' for the failure to bring a direct appeal and 'actual prejudice' from the alleged violations; or (2) 'actual innocence.'" Id. (quoting Bousley, 523 U.S. at 622); Sapia v. United States, 433 F.3d 212, 217 (2d Cir. 2005) (quoting Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998)). The Supreme Court has "explained clearly that 'cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him: '[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts'" to raise the issue on direct appeal. Coleman v. Thompson, 501 U.S. 722, 753 (1991) (quoting Murray, 477 U.S. at 488); see also Zhang, 506 F.3d at 166.

In this case, Rosas filed no appeal and has not provided any "cause" for why he failed to do so. Moreover, even if Rosas had established cause, he has suffered no prejudice as a result of his procedural default because, as is laid out above, there is absolutely no merit to his claims regarding the two downward departures at issue. Finally, Rosas has nowhere alleged that he did not commit the crimes he plead guilty to, and he has therefore not argued that he is "actually innocent". Because Rosas has failed to establish cause and prejudice, or actual innocence, his procedural default is fatal to his guideline calculation claims, and they must be dismissed.

## III. Conclusion

The ineffective assistance of counsel claim is denied on the merits. The two claims regarding the Court's sentencing guideline calculation are procedurally barred and in any event, are without merit. This petition presents no "substantial showing of the denial of a constitutional right," and therefore, a certificate of appealability shall not issue. 28 U.S.C. § 2253(c). The Clerk of the Court is directed to close this case.

SO ORDERED.
Dated: Brooklyn, New York
January 16, 2009

s/ CBA
Carol Bagley Amon
United States District Court